JOHN J. BERGEN, as Treasurer, Appellant, *v.* JOHN K. POWELL, Respondent.

The provision of the State Constitution (Art. 10, § 3), declaring that where the duration of an office is not provided by the Constitution or declared by law "such office shall be held during the pleasure of the authority making the appointment," applies only when the power is continuous.

Where appointments had been made under the act of 1878 (Chap. 305, Laws of 1878), making provision for a police commission in the town of New Lots, which provides for the appointment of three commissioners within thirty days after the passage of the act by certain town officers specified, among others "the justices of the peace * * * now in office having the shortest term to serve," and that in case of a vacancy in said office the successor shall be appointed by the supervisor of the town, *held* that the power of original appointment was conferred only upon those who at the time specified held the offices named, not upon those who might thereafter be incumbents; also that the power embraced but a single act and was exhausted with its performance; and that those holding the offices named had no authority to remove the persons so appointed.

(Argued January 29, 1884; decided February 5, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 10, 1883, which affirmed a motion on the part of the relator, John J. Bergen, as treasurer of the police board of the town of New Lots, denying a motion for an order compelling defendant to deliver up to the relator the books and papers belonging to the office of said treasurer. (Reported below, 30 Hun, 438.)

The material facts are stated in the opinion.

*A. Simis, Jr.,* for appellant. The same offices (not the in dividuals) that appointed constitute the power to remove. (*People, ex rel. Lyndes,* v. *Comptroller, etc.,* 20 Wend. 595.) Where the tenure of an office is not fixed by the Constitution or statute, and no provision for removal exists in either, then the appointees hold at the will of the appointing power. (*State* v. *B'd of Public Lands,* 7 Neb. 42; *People* v. *Hill,* 7 Cal. 97; *Keenen* v. *Perry,* 24 Tex. 253; *Williams* v. *Boughue,* 6

Cald. [Tenn.] 486.) A vacancy exists when an office is without an incumbent, no person entitled to exercise its powers. (*State* v. *Brecker*, 56 Mo. 17 ; *State* v. *Irwin*, 5 Nev. 11.)

*Wm. J. Gaynor* for respondent. The act of 1878 (Chap. 305) conferred on the supervisor, excise commissioner and justices only a temporary authority, a power for a particular occasion. (Constn., art. 10, § 3 ; *People, ex rel.* v. *Woodruff*, 32 N. Y. 355, 361–363.)

DANFORTH, J. By the act of May 22, 1878 (Sess. Laws of 1878, chap. 305), provision was made for a police commission in the town of New Lots, Kings county, consisting of three persons, to be appointed within thirty days after the passage of the act, by the supervisor, the president of the excise commission, and, as the act reads, "the justices of the peace of said town," in office at the time of the passage of the act, "having the shortest term to serve, or a majority of them, and in case of a vacancy in said office of police commissioner or commissioners, occurring by reason of death or otherwise, it is enacted that the successor or successors of such commissioner or commissioners should be appointed by the supervisor of said town." The board is directed to select annually from any of its members, a treasurer. Under this act Messrs. Suter, Powell and Wyckoff were made commissioners, and by them Powell was appointed treasurer. They were in office up to, and on the 17th of February, 1883, when, as the relator claims, Suter and Powell were removed from office by the supervisor of the town and the justice of the peace then in office, having the shortest term to serve, and Mr. Kiendl and the relator Bergen appointed in their places. These two persons selected the relator as treasurer, and he demanded of Powell the books and papers belonging to that office. He was denied, and, therefore, instituted this proceeding to compel their delivery.

The persons assuming to exercise the power of removal did not possess it. It is not given to them by the statute. So much is conceded by the relator. His contention is that it

comes under the operation of section 3, article 10 of the Constitution, which in cases not there provided for, or declared by law, limits the duration of office "to the pleasure of the authority making the appointment." But this applies only where the authority is continuous. The power delegated by the act before us was to be exercised within thirty days after its passage, and in part by a justice of the peace then in office. As to duration of authority and the agent entrusted with it, these are words of limitation and can apply only to the person who at the time specified answered that description, and not to one who at some future time might be an incumbent of the office of justice of the peace. Moreover, a single object was in view, and its accomplishment entrusted to them — the selection of persons who should constitute the board created by the statute. It seems apparent, therefore, that the authority embraced a single act only, and was exhausted with its performance. Nor was any thing more needed. The statute (§ 2) secured the permanence of the board so created, by imposing on the supervisor alone the duty of filling by appointment any vacancy in the office of commissioner, however caused, and if the construction asked for by the relator should be adopted it would follow that the members of the board originally appointed, could be removed by persons filling for the time being the offices of supervisor, president of the excise commission and justice of the peace, but all subsequent appointees by the supervisor alone. The different members of the board would, therefore, hold office at the will of divers parties, a condition of things not likely to produce harmony in the administration of its duties, and not to be encouraged in the absence of legislative language making such result necessary. As there was no vacancy, the appointment of the relator and Kiendl to the office of commissioner, was invalid, and the respondent properly retained possession of the books and papers in question.

The order appealed from should therefore be affirmed.

All concur.

Order affirmed