BEACH v. MAYOR, ETC., OF THE CITY OF NEW YORK et al.

*(Supreme Court, General Term, First Department.* June 26, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF OFFICERS.

    Plaintiff, an apportionment clerk in the dock department of the city of New York, received a notice signed by the president of the dock board that a resolution had been adopted by the board that plaintiff's continuance as apportionment clerk was wholly unnecessary, and there was no present use for him as an *attaché* of the department, and that "there be but one apportionment clerk employed in this department, and that until the work of the department shall require further clerical assistance the said George O. Beach [plaintiff] be and he is hereby suspended and relieved from further duty or service in this department, and that his name be taken from the pay-roll thereof during such suspension." *Held,* that the resolution disclosed an intention to discharge, and not merely to suspend, plaintiff, and that therefore his claim for salary on the ground that the board's power to remove did not include a power to suspend could not be sustained. Distinguishing *Gregory* v. *Mayor,* 21 N. E. Rep. 119.

Exceptions from circuit court, New York county

Action by George O. Beach against the mayor, etc., of the city of New York to recover his salary as an apportionment clerk in the dock department for the period commencing December 12, 1886, and ending November 19, 1888. Verdict was directed for plaintiff, exceptions to be heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Phillips & Avery,* for plaintiff.    *William H. Clark,* (*D. J. Dean,* of counsel,) for defendants.

VAN BRUNT, P. J.    The plaintiff, prior to December 11, 1886, was one of the apportionment clerks in the dock department.    On that day he received a notice signed by the president of the dock board to the effect that on the 8th of December, 1886, a resolution was adopted by the board that the continuance of the said George O. Beach as apportionment clerk was wholly unnecessary, and there was no present use for him as an *attaché* of this department, and "that until further ordered there be but one apportionment clerk employed in this department, and that until the work of this department shall require further clerical assistance the said George O. Beach be and he is hereby suspended and relieved from further duty or service in this department and that his name be taken from the pay-roll thereof during such suspension.    This resolution to take effect from and after December 11, 1886."    On the receipt of this notice the plaintiff went to Mr. Stark, the president of the dock board, who referred him to Commissioner Matthews.    On three or four occasions he reported to Mr. Stark for duty, and each time received an answer referring him to Commissioner Matthews.    The plaintiff, as far as the case shows, did not report to Commissioner Matthews.    Upon this state of the case the defendants' counsel moved to dismiss the complaint upon the ground that the transaction shows a discharge, and upon the ground that it shows an acquiescence so far as any reporting or claiming of the place by the plaintiff to the dock commissioners is concerned.    This was denied, and the court directed the jury to find a verdict for the plaintiff for the salary attached to the position which he occupied.    To this ruling the defendants excepted, which brings up the only question necessary to discuss upon this motion.    The plaintiff relies upon the case of *Gregory* v. *Mayor,* 113 N. Y. 416, 21 N. E. Rep. 119, and claims his salary upon the ground that the dock board had no power to suspend the plaintiff, although they had a power of removal.    The court said, in *Gregory* v. *Mayor,* "in such a case the power of removal is to be exercised, if at all, at once and finally.    It was not meant that the commissioners should have power to arbitrarily suspend without pay."    We think, however, that the plain intent to be gathered from the resolution upon the part of the board was to abolish the position held by the plaintiff, and to remove him as an ap-

portionment clerk. The resolution shows that the work for the doing of which he had been appointed had been completed; that the continuation of his services was wholly unnecessary, and he was thereupon suspended and relieved from further duty or service in the department. It is true that the words "during such suspension" are used; but it was the evident intention of the board to remove him from his office, and that it would require a reappointment in order to entitle him to any salary. This it appears to us was the intention plainly to be gathered from the wording of the resolution, although there may be phrases in it inconsistent with such construction. Under these circumstances, the case of *Gregory* v. *Mayor* does not apply, and the plaintiff was not entitled to the salary for which a recovery was had. The motion for new trial should be granted, with costs to the defendants to abide the event. All concur.