PEOPLE *ex rel.* MURPHY *v.* HOWELL *et al.*

*(Supreme Court, General Term, Second Department.*  February 11, 1891.)

MUNICIPAL CORPORATIONS—REMOVAL OF OFFICERS—MANDAMUS.

Under Laws N. Y. 1888, c. 119; Id. c. 583, tit. 22, § 29, (Brooklyn city charter;) and Laws N. Y. 1887, c. 708,—conductors on the Brooklyn bridge, who were soldiers in the war of the Rebellion, and honorably discharged, must be notified of all charges against them before being removed from their positions. *Held,* on *mandamus* to reinstate such a soldier, who had been removed from such position as conductor without a hearing, that, as he was entitled to a hearing without regard to the merits of his case, an order for a bill of particulars was unnecessary, and should be reversed.

Appeal from special term, Kings county.

Petition of John Murphy for a *mandamus* against James Howell and others, trustees of the Brooklyn bridge, requiring them to reinstate petitioner as conductor on said bridge, or show cause against the same.  Defendants appeal from an order requiring them to serve a bill of particulars of misconduct alleged.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Bergen & Dykman, (James C. Bergen,* of counsel,) for appellants.  *Sydney Williams,* for respondent.

BARNARD, P. J.  The relator, by statute, having been a soldier in the war of the Rebellion, and honorably discharged, was entitled to be notified of all charges against him before his removal from the position of conductor on the Brooklyn bridge.  Laws 1888, c. 119; Id. c. 583, tit. 22, § 29, (Brooklyn city charter;) Laws 1887, c. 708.  Otherwise the right of employment and discharge of employes is given to the trustees.  Laws 1875, c. 300.  The relator was discharged without a hearing, and therefore the discharge was illegal, unless the relator waived his privilege.  The return avers this defense: that the trustees did not know that the relator had been a Union soldier, and that they discharged him for good cause.  The particulars of that cause are not an issue in the proceeding.  If the trustees discharged him without cause, he has no remedy if he waived his privilege as a soldier.  If he did not waive it, the best of causes to be proven on the trial will not justify the removal without a hearing before the discharge.  The order for a bill of particulars was unnecessary, and should be reversed, with costs and disbursements.

All concur.