tors, that does not necessarily show that the action does not lie against the board of health. It may well be that after the judgment has passed against the board of health it must again be passed upon by the town auditors before it can be enforced. If the town auditors erroneously decided against the claim, their action can be reviewed by *certiorari*. *People* v. *Chapin*, 104 N. Y. 96, 10 N. E. Rep. 141. The action was properly brought against the board of health. The judgment must be reversed, and new trial ordered, with costs to the plaintiffs to abide the event.

---

## BRIAN *v*. MEAD.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
  The decision of the trial court on a question as to which the conflicting evidence of the parties and their witnesses was evenly balanced will not be disturbed on appeal.

Appeal from special term, Westchester county.

Action by Oscar G. Brian against Solomon Mead. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Charles Haines,* for appellant. *Abram J. Miller,* for respondent.

BARNARD, P. J. The appeal in this case presents only a question of fact. The proof shows that the parties made an agreement by which the defendant sold to the plaintiff all the wood standing within certain described boundaries. The district was marked off by blazed or marked lines, but when the contract was put in writing a portion of the district was left out of the same. The parties differ as to the facts. The plaintiff testifies that the defendant was "satisfied with the marks as we had made them." The plaintiff's view of the fact was supported by the testimony of Mr. Adams. The defendant denies that there was any omission of the description, and he is supported in his view by the witnesses Johnson and Lockwood. There is no case for an appellate court to interfere. The decision of the trial judge must be deemed to be final upon a question so evenly balanced as to the witnesses, and where there is nothing in the testimony to call for a reversal. Judgment affirmed, with costs.

---

## In *re* SHAY.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

PEREMPTORY MANDAMUS—WHEN LIES—ISSUE OF FACT.
  A discharged veteran made application for a writ of *mandamus* to restore him to his position, and opposing affidavits were filed that he gave no notice of his veteran rights till the commencement of legal proceedings after the discharge. *Held,* that a question of fact was thus raised, preventing the issue of a peremptory *mandamus*.

Appeal from special term, Kings county.

Application by William Shay for a writ of *mandamus* against the trustees of the New York and Brooklyn Bridge. The writ was denied, and the applicant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Sidney Williams,* for appellant. *Bergen & Dykman,* (*James C. Bergen,* of counsel,) for respondent.

PRATT, J. The applicant makes affidavit that he was discharged from work August 6, 1888; that on the 7th he claimed his rights as a veteran, which were not regarded. The opposing affidavits are to the effect that he gave no

notice of his veteran rights till the commencement of legal proceedings, many months later. The special term correctly held that an issue was thus created which prevented the issue of a peremptory *mandamus*. Order affirmed, with costs.

---

### *In re* PETERSON.

(*Supreme Court, General Term, Second Department.*  July 2, 1891.)

REMOVAL OF JUSTICE—PROOF OF MISCONDUCT.

> On a motion to remove a justice of the peace it appeared that, while the justice was temporarily acting as a police justice, one C. was brought before him, duly charged with the commission of a criminal offense. The justice required C. to give $1,000 bail. The bondsman offered was not a resident of the city in which the proceeding was had, and the justice adjourned the hearing for five days, to enable C. to procure a city bondsman. The petition for removal stated that on the day to which the hearing was adjourned the justice fixed the bail at $2,000, which averment the justice denied. It was also charged by C., and denied by the justice, that the justice denied C. the right of counsel before he pleaded. No new bail was given, and the case was again adjourned for five days, during which the complaint against C. was transferred to the grand jury by a certificate of a justice of the supreme court. *Held*, that no such evil or oppressive conduct on the part of the justice as would justify his removal from office was shown.

Motion to remove from office John Peterson, a justice of the peace in the city of Brooklyn.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Ira Leo Bamberger*, for complainant.  *Jerry A. Wernberg*, for respondent.

BARNARD, P. J.  The respondent, John Peterson, is a justice of the peace in the city of Brooklyn. In the absence of a regular police justice he was acting temporarily as such. There was presented to him an affidavit clearly setting out a criminal offense against Carman Combs. The offense was a transfer of his property by Combs with the intent to defraud Volkomnier & Co. and others, his creditors, and to hinder and delay such creditors in the collection of their debts. The offense is defined in sections 586 and 587 of the Penal Code. The offense was charged to have been done at the city of Brooklyn, and the fraudulent transferrer was stated in the complaint to have been Combs' wife, through one Schubert, who was stated to have taken a paper transfer without consideration, and to have given a similar paper to Mrs. Combs. The offense was clearly stated, and called for the warrant which was issued against Combs. There is some proof in the papers that the policemen and constables who arrested Combs were unmannerly, and even cruel, in the performance of their duty; but the justice is not responsible for that. When the prisoner was brought before the justice he was required to give $1,000 bail. The bondsman was not a resident of the city of Brooklyn, and the justice required that a city bondsman be found, and for that purpose adjourned the hearing from April 23, 1891, to the 28th of April, 1891. There is some difference as to the exact proceedings which took place on the 28th of April. The petition states that the justice fixed bail again at $2,000. The justice makes oath that he only said, when his power to ask $1,000 was questioned, that he could legally call for $2,000. No new bail was given, and the case was again adjourned for five days, during which period the complaint was transferred to the grand jury by a certificate of Mr. Justice BARTLETT. The papers fail to show any evil or oppressive conduct on the part of the justice which would justify a removal from office. If he arrogantly boasted of superior knowledge in law (which he denies) it would be insufficient to remove him. The justice would have been wrong if he had denied counsel before a person pleaded. He denies that he did so, and if, without any apparent intent, he had made a mistake in this respect, it would not support a removal from office. At best the paper but shows improprieties of deportment, and possibly a mistake in the law. The motion to remove John Peterson is therefore denied. All concur.