### In re GAFFNEY.

(Supreme Court, General Term, Second Department. February 11, 1895.)

DISCHARGE OF OFFICER—APPLICATION FOR REINSTATEMENT—LACHES.

An application by a discharged employé of a city to compel his reinstatement, on the ground that he was an honorably discharged soldier, is barred by laches when not made until two years and nine months after his discharge.

Appeal from special term, Kings county.

Application by Patrick H. Gaffney for a writ of mandamus against Frank Squier, as commissioner of the department of parks in the city of Brooklyn, to reinstate relator as a laborer in said department on the ground that he was an honorably discharged Union soldier of the late Civil War. The application was denied, and relator appeals. Affirmed.

Argued before BROWN, P. J., and DYKMAN and PRATT, JJ.

Sidney Williams (G. B. Van Wart, of counsel), for appellant.

Albert G. McDonald, Corp. Counsel (Howard O. Wood, of counsel), for respondent.

PRATT, J. The relator herein slept upon his right too long to be entitled to the relief he seeks. This application is made two years and nine months after the alleged time of discharge. Relator must bear the result of his own carelessness. His laches prevents his reinstatement. In re Shay (Sup.) 15 N. Y. Supp. 488. The special term of this court, affirmed by the general term, held that the laches of one year and six months rendered reinstatement impossible. See, also, In re Wortman (Sup.) 2 N. Y. Supp. 324; People v. Hayden, City Ct. Brooklyn, July 31, 1890. I recommend affirmance without an opinion. All concur.