In the Matter of the Complaint of JAMES JARVIS and Others, Constituting the Commissioners of Improvements of the Town of Westchester, Westchester County, N. Y., Appellants, v. JAMES M. WATERBURY and Others, Respondents.

*Tenure of office under section 3 of article 10 of the Constitution of New York — Commissioners of Improvements of the town of Westchester.*

The provision of section 3 of article 10 of the Constitution of the State of New York, providing that, "when the duration of any office is not provided for by this Constitution, it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment," relates not only to offices existing at the time of this enactment but also to offices since created. It relates, however, only to cases where the appointment is continuous and not to cases where the power of appointment is exhausted when once exercised, and it does not apply to cases where the tenure of office is fixed by statute.

By the provisions of chapter 453 of the Laws of 1889 the commissioners of improvements of the town of Westchester, Westchester county, New York, are created a body corporate by the appointment of five persons by the supervisor, with power in said body corporate to fill vacancies caused therein. The

tenure of their office is unlimited, and the corporation has the attribute of perpetual succession by means of its own members filling vacancies.

The supervisor of the town has power to fill a vacancy in said commission only in default of the remaining commissioners doing so.

The title to the office of commissioner of improvements of the town of Westchester, Westchester county, New York, can be tested only by quo warranto.

Appeal by the plaintiffs, James Jarvis and others, constituting the commissioners of improvements of the town of Westchester, Westchester county, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of October, 1894, denying the plaintiffs' application for an order requiring the defendants to turn over to them certain books, papers, property and other matters in the possession of the said defendants and belonging to the board of commissioners of improvements of the town of Westchester.

On or about the 28th day of June, 1889, James M. Waterbury, James C. Cooley and F. A. Watson, together with A. H. Morris and William H. Burchall, were appointed commissioners of improvements of the town of Westchester by the then supervisor of said town under and by virtue of chapter 453 of the Laws of 1889. Subsequent to said appointment and the qualification of said persons as such commissioners of improvements of said town of Westchester, A. H. Morris and William H. Burchall resigned as such commissioners, and the then supervisor of said town appointed William H. Sands and William Henderson as commissioners to fill the vacancy caused by such resignation. Sands and Henderson both failed to qualify.

On the 8th day of May, 1894, the complainants, James Jarvis, August Diehl, Isaac Butler, William H. H. Carter and James Daily, were appointed by the then supervisor of said town as commissioners of improvements of such town. At the time of such appointment James M. Waterbury, James C. Cooley and F. A. Watson were acting as commissioners of improvements, they never having been removed from office nor having resigned therefrom.

*Seward Baker* and *John W. Bertram*, for the appellants.

*Martin J. Keogh*, for the respondents.

PER CURIAM:

Affirmed on opinion of the judge at Special Term, and on the additional ground that the remedy sought should have been by quo warranto.

The order should be affirmed, with costs.

Present — PRATT and DYKMAN, JJ.

Order affirmed, with ten dollars costs and disbursements.

The opinion of GAYNOR, J., at Special Term was as follows:
GAYNOR, J.:

Section 3 of article 10 of the Constitution of this State provides that " When the duration of any office is not provided for by this Constitution, it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment." This relates not only to offices existing at the time of its enactment, but also to offices created since. (*People ex rel. Lyndes* v. *The Comptroller*, 20 Wend. 595.) But it relates only to cases where the power of appointment is continuous, and not to cases where the power of appointment is exhausted when once exercised. (*Bergen* v. *Powell*, 94 N. Y. 591.) In other words, and more plainly speaking, it does not apply to cases where the tenure of office is fixed by the statute. In the present case the statute (Chap. 453, Laws 1889) fixes the tenure of the office. Section 1 authorizes the supervisor to appoint five commissioners, who shall be a body corporate and known as the commissioners of improvements. Section 3 provides that whenever a vacancy shall occur through death, resignation or refusal to act, the remaining commissioners shall appoint a person to fill the vacancy, and that in default of their so doing the supervisor shall fill it. It is therefore obvious that the statute provided for the creation of a body corporate by the appointment of five persons by the supervisor, and for its perpetuity by the filling of vacancies. The duration of the office of the commissioners is " provided for " in this scheme of the statute. The statute makes the tenure unlimited. It creates a body corporate with the attribute of perpetual succession by means of its own members filling vacancies. It cannot therefore be said that the statute does not provide for the duration of the office. Chapter 302 of the

Laws of 1859 presents an instance of the appointing officer's power being exhausted by once making the appointments. (*People ex rel. Brown* v. *Woodruff*, 32 N. Y. 361.) The provision in section 3 that " the said officers shall hold their respective offices for one year," refers to the officers of the body corporate provided for in the preceding sentence, namely, the president, treasurer and secretary. It is also fatal to this application that the supervisor has never removed the three remaining members of the body corporate whose places he assumes to fill, if he had the power. It is aside from the case, but it should be considered whether the body has the power to act while a vacancy exists. (*People ex rel. Henry* v. *Nostrand*, 46 N. Y. 375.)

The motion is denied, without costs.