LOUIS A. JACKSON, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Assistant secretary of the commissioners of docks of the city of New York — not a public officer — subject to discharge at will of commissioners — words necessary to effect discharge.*

A person who had been appointed assistant secretary of the dock department of the city of New York by a resolution of the commissioners of said department, was thereafter, in pursuance of a resolution of the commissioners of the dock department, suspended from further duty. He subsequently sought to review such suspension by means of a writ of certiorari, which was dismissed.

In an action brought by him to recover his salary as such assistant secretary subsequent to the time of his discharge, he having been paid for his services up to that time,

*Held*, that the assistant secretary of the commissioners of docks in the city of New York was not a public officer, and was subject to be discharged at the will of the commissioners;

That no particular form of words was necessary to effect a discharge, and that any language that indicated to such employee that his services were no longer required was sufficient, and that the plaintiff was not entitled to recover.

APPEAL by the plaintiff, Louis A. Jackson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of February, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*John D. Townsend*, for the appellant.

*Robert Shaw Barlow*, for the respondent.

PER CURIAM :

This action was begun January 13, 1893, to recover $42,295 claimed by the plaintiff to be due him as assistant secretary of the dock department for salary at the rate of $2,500 per year from February 1, 1876, to January 1, 1893, a period of sixteen years and eleven months.

August 2, 1873, the plaintiff was appointed assistant secretary of the dock department by the following resolution of the board of commissioners of that department :

"*Resolved,* That Louis A. Jackson be appointed, subject to the pleasure of the board, assistant secretary, *vice* William F. Whitney, promoted, at an annual salary of $2,500, to take effect August 4th."

August 4, 1873, the plaintiff began service under the resolution and continued to discharge the duties of his position until February 1, 1876, when his employment ceased, pursuant to the following resolution and letter :

"*January* 14, 1876.

" Commissioner Dimock, chairman of the committee on organization, made a further report, stating that, in view of the limited extent of the work now being prosecuted by the department, it becomes necessary to reduce the clerical force, and recommended for adoption the following resolution :

"*Resolved,* That Louis A. Jackson, assistant secretary, George W. Sterritt, assistant bookkeeper, and William F. Cosgrove, messenger, be, and they are hereby suspended from further duty in the department from and after 31st inst."

"*January* 14, 1876.

" LOUIS A. JACKSON, Esq.,
        "*Assistant Secretary :*

" SIR — Pursuant to a resolution adopted at a meeting of the board governing this department, held this day, you are hereby suspended from further duty from and after 31st inst., the work of the department as at present carried on requiring a reduction of the force employed.

                    " Respectfully,
                        "EUGENE T. LYNCH,
                            "*Secretary.*"

In March, 1878, the plaintiff obtained a writ of certiorari on a petition verified by him, which contained, among other allegations, the following : " That on or about the 15th day of January, 1876, a written notice from said board was delivered to your petitioner, notifying him that he had been removed from his position of record clerk, as aforesaid, said removal to take effect on the 1st of February, 1876 ; that your petitioner protested against his removal, and has ever since held himself ready and frequently offered to perform the duties thereof ; that your petitioner's removal from his regular clerkship as aforesaid, as he is advised, was without justifiable cause, and illegal and void, and in contravention of the provisions of an act to reorganize the local government of the city of New York, passed April 30th, 1873." The writ issued upon this petition was dismissed.

The plaintiff was paid for his services up to February 1, 1876, since which time he has not been employed by the board.

The assistant secretary of the commissioners of docks is not a public officer. (Consol. Act, § 718 .[Laws of 1882, chap. 410]; *People ex rel. Cummings* v. *Koch*, 2 N. Y. St. Repr. 110 ; *Meyers* v. *The Mayor*, 69 Hun, 291.) The plaintiff, not being an officer, was subject to be discharged at the will of the commissioners. No particular form of words is necessary to effect a discharge. Any language that communicated to the employee that his services are no longer required is sufficient to effect his discharge. (*People ex rel. Cummings* v. *Koch*, *supra* ; *Meyers* v. *The Mayor*, *supra* ; *Beach* v. *The Mayor*, 32 N. Y. St. Repr. 939 ; *Wardlaw* v. *The Mayor*, 137 N. Y. 194.)

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.