### PEOPLE ex rel. SULLIVAN v. WARING.

(Supreme Court, Special Term, New York County. November 6, 1895.)

BEEKMAN, J. The petitioner was appointed as a driver in the street-cleaning department in the city of New York on the 7th day of April, 1894, and continued in his employment until March 28, 1895, on which day he received a letter from the commissioner of street cleaning as follows: "Upon evidence satisfactory to me that you are guilty of neglect of duty and disobedience of orders, in that you have absented yourself from the yard, and refused to issue receipts when requested, you are dismissed, and your position as driver (detailed) in the department of street cleaning is vacated from and after this date." The petitioner claims that this discharge was unlawful, as he was a veteran soldier of the late war, honorably discharged, and could, therefore, only be removed for cause, after hearing had, under chapter 119 of the Laws of 1888. His moving papers do not state that the commissioner was advised of his war record, or that he ever made any claim to the privileges conferred upon veterans in the public service by the above-mentioned statute. Stress seems to have been laid upon such omission as this in the cases of People ex rel. Murray v. Andrews,[1] In re Shay (Sup.) 15 N. Y. Supp. 488, and In re Wortman (Sup.) 2 N. Y. Supp. 324, which certainly tend to support the claim that, in the absence of such a notice, a mandamus will not issue. The respondent, in his answering papers, furnishes the affidavit of the registration clerk in the department of street cleaning,

---

[1] People ex rel. Murray v. Andrews was heard by Mr. Justice Lawrence, who, on October 1, 1894, filed the following memorandum of decision: "As the relator does not allege that he gave notice that he intended to claim any privilege as a veteran, and as there is a distinct allegation by the respondent that no such notice was given, the motion that a peremptory mandamus issue, directing the commissioner of street cleaning to reinstate the relator as section foreman, must be denied."

in which that officer states that, at the time of the application of the petitioner for appointment in the department, he made no claim that he was a veteran, or was entitled to any preference or right, as such, under the statutes, by reason of being such veteran, and that no record appears in the department of street cleaning that he was any such veteran, or that he made such claim prior to his dismissal. In this connection it is proper to refer to section 704c of the New York City consolidation act, as amended, which provides, among other things, that every applicant for appointment to a position on the uniformed force of the street-cleaning department must state to the registration clerk, under oath, his name, residence, age, place of birth, his services, if any, in the army or navy in time of war, his present employment, if any, and his past occupation; and his answers to these questions are required to be recorded by such clerk. It may, therefore, fairly be claimed that at least an issue is presented in respect to the standing of the petitioner as a veteran, which, under the cases, is sufficient to call for a denial of the motion for a peremptory writ of mandamus in the first instance. But it is not necessary to place the denial of the motion upon this ground. It appears from the affidavit of the respondent that, prior to his discharge, the petitioner had passed a civil service examination, under the civil service board of the city of New York, for the position of clerk, and on the 26th day of March, two days before his discharge from the street-cleaning department, he was specially certified by the said civil service board to the department of public works as qualified for appointment to such a position; and on the 28th day of March, the day on which he was discharged from the street-cleaning department, he was duly appointed by the commissioner of public works a clerk in the department of public works, at a salary of $900 per annum, the appointment to take effect on the 1st day of April thereafter. Pursuant to such appointment, the petitioner reported to the department of public works, was assigned to duty therein under his said appointment, and performed the duties of the place on the 1st, 2d, and 3d days of April. Upon the latter date he was notified by the deputy commissioner of public works that the latter had just learned that he had been discharged from employment in the street-cleaning department for insubordination and neglect of duty, and that he was not, therefore, entitled to appointment in the department of public works under the civil service rules, and was accordingly discharged from the clerical position to which he had been appointed in that department. Whereupon proceedings were instituted by him aginst the commissioner of public works for a mandamus to compel the latter to reinstate him. The papers do not disclose the result of that proceeding. It was probably undetermined at the time that this proceeding was instituted. It is immaterial, however, what the result of it may have been or may be. Assuming, for the purposes of argument, that the discharge of the petitioner from the department of street cleaning was unlawful, the fact that he immediately accepted a place in the department of public works, and entered upon the performance of the duties of his new place, was a complete acquiescence in his discharge, which gave it substantially the same effect, so far as his relations with the street-cleaning department were concerned, as if he had voluntarily resigned his situation. He could not legally hold both places, and his acceptance of the latter appointment necessarily involved a legal relinquishment of his former place. It may be fairly inferred, from the facts before me, that the petitioner accepted the appointment in the department of public works, not by reason of his dismissal from the street-cleaning department, but because of an intention so to do formed some time before. The proceeding instituted by him against the commissioner of public works shows a determination to insist upon his right to be considered as still in the employment of that department, and is inconsistent with the attitude assumed by him in this proceeding. I think that, on all the grounds above mentioned, it is quite clear that he is not entitled to the relief which he asks on this motion.

The motion is, therefore, denied, with costs.