(15 Misc. Rep. 12.)

PEOPLE ex rel. McCULLOUGH v. CRAM et al., Dock Commissioners.

(Superior Court of New York City, General Term.    December 18, 1895.)

1. DOCK EMPLOYES—DISCHARGE.
    A roundsman in the employ of the department of docks may be discharged at pleasure, without a hearing; the duration of his employment not being provided for by the constitution or any law, and the power given by Consolidation Act, § 48, to heads of departments to appoint and remove at pleasure being limited only by a provision in favor of a "regular clerk or head of bureau."

2. SAME—RIGHTS UNDER VETERAN LAWS.
    Rights of a city employé under the veteran laws to freedom from discharge cannot be considered on review of a board's action in discharging him, not having been asserted before it.

Certiorari by Patrick H. McCullough to review the action of J. Sargeant Cram and others, constituting the board of dock commissioners of the city of New York, dismissing relator from the service of the department. Quashed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Louis J. Grant, for relator.

Francis M. Scott (Terence Farley, of counsel), for respondents.

GILDERSLEEVE, J. This matter comes before us on a writ of certiorari, duly issued, and we are asked to review the determination of the respondents, composing the board of dock commissioners of the dock department of the city of New York, whereby they adjudged the relator to be guilty of neglect of duty, and discharged him from the service of the department. It appears from the return to the writ, which must be taken as conclusive and acted upon as true (People v. Board of Fire Com'rs of City of New York, 73 N. Y. 439), that the relator was a roundsman in the employ of the department of docks at the time of his discharge. The status of the relator was not such as entitled him to a trial, or an opportunity to be heard. The relator is in error in assuming that such a right belonged to him. It only exists where expressly conferred by the statute. The power to appoint the relator was conferred in general terms, and carried with it the power of removal at the discretion and will of the appointing power. With respect to the tenure or duration of a public employment, such as the relator had at the time of his dismissal, the general rule is that, where the power of appointment is conferred in general terms, and without restriction, the power of removal, in the discretion and at the will of the appointing power, is implied, and always exists, unless restrained and limited by some other provision of law. People v. Board of Fire Com'rs of City of New York, 73 N. Y. 437; Bergen v. Powell, 94 N. Y. 591; Ex parte Hennen, 13 Pet. 239; Laimbeer v. Mayor, etc., 4 Sandf. 109; People v. Thompson, 94 N. Y. 451; People v. Mayor, etc., of City of New York, 5 Barb. 43. This general rule was embodied in the constitution of this state in the following language:

"When the duration of any office is not provided by the constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment." Article 10, § 3; People v. Robb, 126 N. Y. 180, 27 N. E. 267.

Section 718 of the consolidation act provides, in part, as follows:

"The board of dock commissioners shall appoint a secretary and such subordinate officers, clerks, and agents, as shall be necessary to assist said board in the performance of its duties and the exercise of its powers."

By section 48 of the consolidation act the heads of all departments have the power of appointing and removing at pleasure all chiefs of bureaus and all clerks in their respective departments, unless such officers are protected from removal at pleasure by the following limiting clause, contained in said section, to wit:

"But no regular clerk or head of bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation."

The relator is not a head of a bureau, nor is he a regular clerk. The statute, by distinguishing between these two classes of officials and other clerks, officers, employés, and subordinates, necessarily leaves those not thus named and expressly excepted from the operation of the general powers subject to removal at the pleasure of the board. This follows from the familiar rule of interpretation of the statute, "Expressio unius est exclusio alterius." The power to remove at pleasure is conferred in general terms, and but two classes of all the officers and employés are excepted from its operation, and given the benefit of a hearing, and subjected to a removal only for cause. People v. Koch, 2 N. Y. St. Rep. 110; Jackson v. Mayor, etc., 87 Hun, 296, 34 N. Y. Supp. 346; People v. Board of Fire Com'rs of City of New York, 73 N. Y. 439.

The relator has not asserted the rights accorded under the veteran laws, and, therefore, does not come within their provisions. In re Shay (Sup.) 15 N. Y. Supp. 488; People v. Howell (Sup.) 13 N. Y. Supp. 217; People v. Waring, infra.

The writ of certiorari should be quashed, and the proceedings dismissed, with $50 costs and disbursements.