### ARNOLD v. ADAMS et al.

(Supreme Court, Appellate Division, Third Department.    March 2, 1898.)

1. MASTER AND SERVANT—DISCHARGE.
    A letter from the employers to the employé, stating that it seemed best to bring their arrangement to a close at the end of the present month, and another in response to a letter from the employé that they thought the trial unsatisfactory, and did not see anything to warrant a continuation of the employment, are sufficient to effectuate the employé's discharge.

2. SAME—RECOVERY FOR SERVICES.
    An undischarged employé is only entitled to recover salary for the period in which services were performed or offered to be performed.

3. SAME—REMEDY FOR DISCHARGE.
    The remedy of an employé, dismissed prior to the expiration of his term, is damages for breach of contract.

Appeal from trial term, Saratoga county.

Action by Ella R. Arnold against Luther Adams and others. From a judgment for plaintiff, defendants appeal.    Reversed.

This is an action brought by the plaintiff, as the assignee of her husband, Charles M. Arnold, to recover the sum of $100, alleged to be due him from the defendants as salary for the month commencing October 25, and ending November 25, 1895. The plaintiff's husband claims that he was employed by the defendants as a traveling salesman, for the period of one year, at a salary of $1,200 a year, payable monthly, and $40 a week for traveling expenses, payable every two weeks in advance. He commenced working on the 25th day of February, 1895, selling goods and making collections for them. Some of these collections Mr. Arnold failed to notify the defendants of, or turn the sum over to them, until after the beginning of this action, and some collections that were made in April and June were not accounted for, or the defendant notified by him of his having collected them, until in the month of September. On the 18th of October, 1895, defendants sent the plaintiff's husband a letter, in which, after speaking of the amount of sales made by him, they say: "We can see no probability of your bringing the business up to a paying basis such as would warrant your taking our line on commission." "It therefore seems best to us that our trial arrangement be brought to a close at the end of the present month. We do not suppose that you would care to continue an arrangement which has been a losing one for us from the beginning, and which promises nothing better within a reasonable future. We certainly could not afford to continue such an arrangement. We regret exceedingly that the sanguine expectations with which you started in were not realized, and, if there is anything we can do for you to advance your interests in any other direction, we shall be pleased to do so." In this letter to Mr. Arnold they inclosed a check for $180, being his salary for one month and two weeks' traveling expenses. On the 23d of October, 1895, apparently in response to a letter from Mr. Arnold, the defendants wrote him another letter, containing, among other things, the following:

"With regard to continuing any longer in our employ, we think the trial thus far has proved so unsatisfactory and unsuccessful that, taking all the circumstances into consideration, we don't see anything to warrant its continuing, as we are about $1,500.00 poorer, that we know of, through your relations with us, and do not care to increase it, and, as we see no probability of decreasing it, prefer to stop where we are. All the rest of our men have done a good business the past summer. There is, to be sure, more demand for malt liquors in the summer than for distilled goods; yet there is sufficient demand for the latter to warrant a much better showing than you have made, and, taking all in all, your trial with us has not been a success in any degree.    Yours, truly,                    Adams, Taylor & Co."

The check contained in the letter of October 18th was the last money, either for salary or traveling expenses, that Mr. Arnold ever received from the

defendants. He says 'that the amount received for traveling expenses extended beyond the 25th, and that he traveled until it was exhausted. On the 7th day of December, 1895, Arnold assigned to his wife all the wages then due from Adams, Taylor & Co., and on the same day at attachment was issued in this action, and a levy made upon the sum of $188.31, belonging to the defendants, and in the possession of Mr. Arnold; and, on the 24th day of December, Mr. Arnold sent to the defendants the following letter:

"Ballston Spa, N. Y., Dec. 24th, 1895.

"Messrs. Adams, Taylor & Co., Boston, Mass.—Sirs: Sheriff has attached money of yours in my hands, and has got the same in his possession. The following: C. L. Clark, $75.11; F. S. French, $21.70; C. E. Shepherd, $15.50; C. A. Hinds, $20.00; James Baxter, $21.00; A. M. Grant, $15.00; A. M. Grant, $20.00; total, $188.31. Yours, respectfully,    C. M. Arnold."

The defendants assert that the contract of employment of Arnold was only a conditional one. They further allege that he was to retain no portion of the proceeds of the sales made by him, but was to remit them forthwith to them at Boston. They allege that his services were negligently and unskillfully rendered; that he made collections of moneys belonging to them, which he did not remit forthwith or at all, but retained and failed to account for the same; and that they discharged him, to take effect the 25th day of October, 1895, and that he has not been in their employ since that date. The defendant Taylor, in a separate defense, alleges that at the time of the employment of said Arnold he was not, and has not since been, a member of the firm of Adams, Taylor & Co. Upon the trial the jury rendered a verdict in favor of the plaintiff for the sum of $100, and from the judgment entered upon such verdict, and from an order denying a motion for a new trial, the defendants have appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James L. Scott, for appellants Adams and Barney.
Edgar T. Brackett, for appellant Taylor.
James W. Verbeck, for respondent.

HERRICK, J. No specific form of words is necessary in order to discharge an employé. Any language that gives him to understand that his services are no longer required is sufficient. Jackson v. Mayor, etc., of City of New York, 87 Hun, 296, 34 N. Y. Supp. 346, and cases cited; Ryan v. Mayor, etc., of City of New York, 154 N. Y. 328, 48 N. E. 512. The letters written by the defendants to the plaintiff seem to me abundantly sufficient to give him to understand that they no longer required his services. In the letter of October 18th they sent him $80 for his traveling expenses, payable two weeks in advance, as their contract required them to do, and which he was entitled to receive when discharged. He testifies that that carried him beyond his month, and that he continued traveling until that money was used up, and, so far as the case shows, he never made any further requisition upon them for traveling expenses wherewith to continue in their employment, which would seem to indicate that he considered the letters final. He did not render services for them for the full month, so that, in any event, he would not be entitled to his month's salary; having neither performed, nor offered to perform, services for them during the whole of that period. Having been discharged, however, whether rightfully or wrongfully, he would have no claim for wages except for what was due at the time

of his discharge. His claim against them would be one for damages for a breach of their contract. Howard v. Daly, 61 N. Y. 362; Weed v. Burt, 78 N. Y. 191. The action here is not one for damages, but for the monthly salary of Arnold, and, under the authorities herein referred to, cannot be maintained. Having arrived at this conclusion, it is unnecessary to discuss the other questions raised in the case, as to whether Arnold was properly discharged, and as to whether the defendant Taylor was properly made a defendant in the action.

The judgment and order should be reversed, and a new trial granted, costs to abide the event. All concur.