VAN HORN v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y Co.

1. **Evidence**: STIPULATION AS TO FACTS: PARTIES BOUND BY. Where a party enters into a written stipulation as to material facts in a case, he cannot on the trial disregard the stipulation and introduce evidence to contradict it, on the ground that he was not informed as to the facts when he entered into the stipulation.

*Appeal from Cedar District Court.*

SATURDAY, JUNE 19.

ACTION to recover for certain horses killed by a train operated upon defendant's railroad. After the evidence of the parties was submitted, the jury returned a verdict for defendant under direction of the court, and judgment was rendered thereon. Plaintiff appeals.

*Traer & Voris,* for appellant.

*S. K. Tracy,* for appellee.

BECK, J.—I. The defendant admits in its answer the killing of the horses, but alleges that the injury resulted from the want of care of plaintiff, who knowingly and willfully permitted the horses to run at large contrary to an ordinance of the town wherein the accident happened. The ordinance was set out in the answer. Before the term of the trial the parties entered into a written stipulation to the effect that the ordinance was valid and of full force at the time of the accident. At the trial plaintiff proposed to show that the ordinance was invalid because it had not been duly published, and that its invalidity was not known to plaintiff when the stipulation was executed. This evidence, and other testimony of like character, was excluded, and this ruling is now complained of by plaintiff.

II. The stipulation was introduced in evidence by the defendant. It had the effect to establish conclusively the facts admitted therein. That was the very purpose of the stipulation, which was executed in order to dispense with evidence and to authorize the court to find that the facts admitted were established. Plaintiff had not, if she could have done so, withdrawn her assent to the stipulation, and she presented no reason why it should be set aside. The fact that plaintiff did not know, when the stipulation was signed, that the ordinance had not been published, is no ground for disregarding her agreement, and for relieving her of the force of her admission. She had voluntarily admitted the fact in question, and cannot be permitted to deny her stipulation on the ground of her own ignorance. Surely the courts will not hold so lightly the stipulations of the parties to a suit as to permit them, at will, to disregard their solemn agreement embodied in it. The fact that plaintiff had filed a replication denying the validity of the ordinance does not help her. It is simply a part of the effort she makes to set aside and disregard her agreement. These views dispose of all questions in the case argued by plaintiff.

The judgment of the district court must be

AFFIRMED.