## F. G. KEENS v. F. Y. ROBERTSON.

FILED JANUARY 21, 1896.   No.' 5982.

46  837
48  181
46  837
49   96

1. **Agreements of Counsel:** POWER OF COURT TO VACATE. Agreements of counsel in .regard to the trial of a cause are not absolute although in writing; and are not to be treated as contracts to be enforced under all circumstances.   They may be set aside by the court in the exercise of a sound discretion when their enforcement would result in serious injury to one of the parties and the other party would not be prejudiced by its being set aside.   *McClure v. Heirs of Sheek,* 4 S. W. Rep. [Tex.], 552, followed.

2. **Continuance:** REVIEW.   The ruling of a district court on a motion for a continuance will not be disturbed unless it is manifest the court abused its discretion and the litigant—himself guiltless of negligence or laches—was thereby deprived of an opportunity to make his case or defense.   *Home Fire Ins. Co. of Omaha v. Johnson,* 43 Neb., 71, and *Kansas City, W. & N. W. R. Co. v. Conlee,* 43 Neb., 121, reaffirmed.

3. **Instructions:** OBJECTIONS: REVIEW.   A litigant cannot for the first time object in this court that the district court erred in giving or refusing to give a certain instruction.   He must make .his complaint of the action of the court in his motion for a new trial in order to have it reviewed here.

4. **Trial:** EVIDENCE: OFFER OF PROOF.   It is not error for a district court to refuse to permit a witness to answer a question, where no offer of proof is made, if the question is of such a nature as to require an offer of proof, in order to advise the court of the competency and relevancy of the question under issue.

5. **Pleading and Proof.**   Evidence to prove a defense in the nature of a confession and avoidance is incompetent under a general denial.

6. **Witnesses:** OFFER OF PROOF.   Where a question is asked and excluded and an offer of proof made thereunder, the offer, to be competent, must correspond to the question.

7. **Depositions.**   Depositions taken in a case pending before a justice and by stipulation used in said case and another pending before said justice, may be used on the trial of both cases in the appellate court, the stipulation in the meantime not having been set aside.

8. ———: REVIEW. Where depositions are erroneously read to the jury, but not preserved in the bill of exceptions, this court cannot say that such error was prejudicial.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

The facts are stated by the commissioner.

*R. A. Moore*, for plaintiff in error:

The agreement is binding. (*State Bank of Nebraska v. Green*, 8 Neb., 307; *McCann v. McLennan*, 3 Neb., 29; *Palmer v. People*, 4 Neb., 76; *Rich v. State Nat. Bank of Lincoln*, 7 Neb., 201.)

*Dryden & Main*, contra:

The court had power to set aside the stipulation, and that power was properly exercised. (*Porter v. Holt*, 11 S. W. Rep. [Tex.], 494; *McClure v. Heirs of Sheek*, 4 S. W. Rep. [Tex.], 552; *Ward v. Clay*, 23 Pac. Rep. [Cal.], 50; *Richardson v. Musser*, 54 Cal., 196.)

RAGAN, C.

In the district court of Buffalo county, G. M. Johnston, F. M. Waterhouse, and J. A. Waterhouse sued F. G. Keens to recover $50 which they alleged in their petition that Keens had agreed to pay them when they should commence the erection of a paper-mill within three miles of the Midway Hotel in the city of Kearney and have on the ground, ready for placing in position, $20,000 worth of machinery for said paper-mill. F. Y. Robertson was substituted as plaintiff, had a verdict and judgment, and Keens prosecutes to this court a petition in error.

1. On the 23d day of January, 1892, a stipulation was entered into between the parties to the suit, or their counsel, and made a matter of record, that the decision in this case should be the same as that which might be rendered

in the case of Johnson v. Buffalo County National Bank, then pending for trial in said court. On the 26th of January, 1892, counsel for Robertson made application to the court, supported by affidavit, to vacate the agreement just referred to. The grounds upon which he asked to have the agreement vacated were that at the time he became a party thereto he supposed that the case of Johnson against the Buffalo County National Bank would be tried upon the issues on which it was tried before the justice of the peace from whom it had been appealed, and that since making said stipulation counsel for the defendant in the case of Johnson v. Buffalo County National Bank had filed an answer in that case, setting up the defense of *ultra vires.* The court sustained the application to vacate the agreement, and this action of the court is the first error assigned here.

We do not think the court abused its discretion in setting aside this agreement. It is true the agreement was not procured by fraud or sharp practice, and counsel for the defendant in error here may have been somewhat negligent in not providing in the stipulation that the Buffalo County National Bank case should be tried upon the same issues that it was tried in the justice court, but that action, like the one here, was on a subscription to this Kearney paper-mill. Like this one, it had been tried in a justice court, where the answer was perhaps a general denial, if indeed there was any answer at all, and with these facts in his mind, counsel may have been very willing to save the labor, expense, and trouble of trying two cases, the facts and issues being the same. But of course the defense of *ultra vires* was not one which the defendant in this action could interpose, and if the plaintiff should be bound to submit in this case to the same judgment that might be rendered in the bank case, it might work an injustice to him, while the setting aside of the stipulation could not possibly prejudice the defendant in this action. In *McClure v. Heirs*

*of Sheek*, 4 S. W. Rep. [Tex.], 552, before the term of
court at which the case was tried, the respective counsel
stipulated for the continuance of the case over the term of
court about to be held.   When the court convened one of
the parties employed other counsel and notified opposite
counsel that he would not be bound by the agreement and
moved the court to vacate the stipulation for continuance
on the ground that by a continuance of the case he would
likely lose the subject-matter of the action—some cattle.
The party making the application also showed the court
that he had not consented to the condition since being ad-
vised that his counsel had made it, and that he had never
authorized his counsel to consent to a continuance.   The
court set aside the continuance, holding that "Agreements
of counsel in regard to the trial of a cause are not absolute,
although in writing; and are not to be treated as contracts
to be enforced under all circumstances.   They may be set
aside by the court in the exercise of a sound discretion
when their enforcement would result in serious injury to
one of the parties and the other [party] would not be preju-
diced by its being set aside.   To the same effect see *Porter v.
Holt*, 11 S. W. Rep. [Tex.], 494.   In this case the supreme
court of Texas held not only that the setting aside of agree-
ments of counsel was generally in the discretion of the dis-
trict court, but went further, and held that where the
agreement affected the substance of the cause of action or
the character of the defense and appears to have been made
by counsel without a knowledge of all the facts, and that
its vacation would not prejudice either party, that the mo-
tion to set aside ceased to be a matter of mere discretion,
and refusal to set it aside would be error. (See, also, *Ward
v. Clay*, 23 Pac. Rep. [Cal.], 50, and cases there cited.)

2.  As already stated, this action was originally brought
before a justice of the peace.   Robertson filed his petition in
the district court on the 18th of December, 1889.   On the
16th of April, 1892, the court ruled Keens to answer *in-*

*stanter*.  He did not answer, however, until the 18th of April, and on that date his counsel filed an application for a continuance, which the court overruled.  This action of the court is the second error assigned here.  The grounds upon which counsel sought to have the court continue this action were that his client was absent in the city of New York; that he had gone to that place with his family on the 8th of April previous.  We are of opinion that the district court did not abuse its discretion in refusing this application.  The showing made for the continuance did not disclose that Keens ever intended returning to Nebraska.  He knew the case was pending when he left, and yet he made no effort to have his deposition taken to be used on the trial.  The absence of Keens was not unexpected.  He had not been unexpectedly called away because of some emergency.  In other words, his application for a continuance not only discloses that he had not used due diligence to be ready for trial, but that he had been grossly negligent.  The ruling of a district court on a motion for a continuance will not be disturbed unless it is manifest the court abused its discretion and the litigant, himself guiltless of negligence or laches, was thereby deprived of an opportunity to make his case or defense. (*Kansas City, W. & N. W. R. Co. v. Conlee*, 43 Neb., 121; *Home Fire Ins. Co. of Omaha v. Johnson*, 43 Neb., 71.)

3.  The third assignment of error argued in the brief is that the court erred in refusing to give instruction No. 5 requested by the plaintiff in error.  But the plaintiff in error made no objection to this action of the court in his motion for a new trial.  He there alleges that the court erred because of its refusal to give instructions Nos. 1, 2, 3, and 4 asked by him, but no mention is made of instruction No. 5.  A litigant cannot for the first time object in this court that the district court erred in giving or refusing to give a certain instruction.  He must make his complaint of the action of the court in his motion for a new trial in order to have it reviewed here.

4. The fourth assignment of error relates to the action of the district court in refusing to permit a witness called by the plaintiff in error to answer certain questions. All these questions were of such a nature as to require an offer of proof in order that the district court might be advised of their competency and relevancy under the issues. No offers of proof were made by the plaintiff in error on the refusal of the court to permit the witness to answer some of the questions and they need no further notice. One of the questions propounded to the witness was as follows: "State if you made any statement to the subscribers that their money would not be called upon until the full $8,000 would be raised." This question was objected to, as incompetent and irrelevant. The objection was sustained, and thereupon the plaintiff in error made the following offer: "Defendant offers to prove by this witness that * * * the committee was canvassing this city with a subscription list, agreed with the subscriber, and it was one of the inducements held out to the parties solicited to subscribe that no part of it should be paid until the $8,000 had been subscribed according to the terms of the agreement. That it was understood and agreed and was represented by said committee * * * that the building was to be a paper-mill, and that it was to be properly constructed; that the machinery was to be placed there in such a position that it would make paper, and be ready for operation, before the money which they subscribed should be called for, and that that was the inducement that caused the subscribers to subscribe." This offer of proof was denied and the plaintiff in error excepted. The answer of the plaintiff in error was, in effect, a general denial, and the evidence offered was incompetent under the pleadings. Another question asked the witness was this: "State in what manner the building differed from the one represented on the plans." Objection having been made and sustained to the witness answering this question, the plaintiff in error

made the following offer: "Defendant offers to show by this witness that a part of the machinery put in this building, claimed as a part of the $20,000, consisted of engines that were running upon the same shaft, and that one had one-half foot longer stroke than the other and were otherwise inferior and of no use." This offer was denied and the plaintiff in error excepted. The court did not err in excluding this offer, for the reason that the offer did not correspond with the question propounded. The interrogatory refers to the building, the offer of proof was to show that the machinery put in the building was defective.

5. When the above mentioned case of Johnson against the Buffalo County National Bank was pending before the justice of the peace the depositions of certain parties were taken for use in that case; and the counsel in that and this case being the same, it was agreed between them that the depositions in the bank case should be used in this case, and they were so used on the trial before the justice of the peace. The next error assigned is that the district court erred in permitting these depositions to be read in evidence on the trial in this case. The record shows that the depositions were offered in evidence; that they were objected to and the objection overruled, and it is only fair to presume that the depositions were read in evidence to the jury; but if they were, they are not in the bill of exceptions of this record. We cannot say, if the court erred in permitting these depositions to be read, that such error was prejudicial to the plaintiff in error, as we have no means of knowing what the witnesses testified to in their depositions. Furthermore, we are of opinion that these depositions, having been used by consent in the trial of this case before the justice of the peace, it was proper to use them again in the case in the district court if the evidence they contained was material and relevant. (See Code of Civil Procedure, sec. 383.)

The judgment of the district court is

AFFIRMED.