(7 App. Div. 336)

## RYAN v. MAYOR, ETC., OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 29, 1896.)

1. APPEAL—DECISION—LAW OF CASE.
   A judgment in favor of plaintiff was reversed on appeal, and a new trial was ordered, on the ground that the evidence was insufficient to support it. Afterwards it was stipulated that the evidence taken on the former trial should be read at the new trial as the evidence in the case, and that no further evidence should be introduced. *Held,* that the complaint was properly dismissed.

2. EVIDENCE—ADMISSIBILITY—EFFECT OF STIPULATION.
   Where a stipulation has been made that-the evidence used on a former trial should be adopted as the evidence on the second trial, no question in such second trial can be raised as to the admissibility of any part of such evidence.

Appeal from trial term, New York county.

Action by Kate Ryan, as administratrix of William Ryan, deceased, against the mayor, aldermen, and commonalty of the city of New York, to recover salary alleged to be due plaintiff as inspector of masonry on the new aqueduct from June 8, 1887, to December 24, 1889. From a judgment entered on the dismissal of the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. E. Warren, for appellant.

W. L. Turner, for respondents.

PATTERSON, J.   This cause was tried before the court and a jury, and resulted in a dismissal of the complaint, and from the judgment entered thereon this appeal is taken.   The action had been tried twice before, but resulted each time in a verdict and judgment for the plaintiff, which judgments were reversed on appeal by the general term.   33 N. Y. Supp. 260.   On the appeal from the judgment entered after the second trial, the law of the case was settled by the general term.     Ryan v. Mayor, etc., 91 Hun, 470, 36 N. Y. Supp. 315. The facts as they now appear are in no wise different from those developed on the former trials.   The plaintiff's intestate, Ryan, had been employed as an inspector by the aqueduct commissioners of the city of New York, and had rendered service until October, 1887, when his resignation was demanded by an official letter sent to and received by him, after the receipt of which he never rendered any further service under his original employment.   Two years after the resignation was demanded and he had ceased doing work, the aqueduct commissioners sent to him a formal, written discharge.   Ryan having subsequently died, this action was brought by his administratrix for the salary for the two years intermediate the demand of the resignation and the formal notice of discharge; the claim being that Ryan was not discharged until December, 1889, and that he therefore did not cease to be in the employment of the commissioners until December, 1889, and that he was entitled to his salary.   There

are letters in the case, written by one of the engineers of the aqueduct commissioners to the chief engineer, containing charges of misconduct against the plaintiff's intestate while he was acting as inspector, which letters furnish proof of the reason why the resignation was demanded; and the general term held, under the proofs as they stood, that the demand for the resignation of the plaintiff's intestate was tantamount to a discharge, and that that effect was in no way qualified or impaired by the circumstance that two years subsequently a formal notice of dismissal was served upon Ryan. As said before, the proofs presented on this third trial are in every respect identical with those which were before the general term on the appeal from the second judgment. The case contains the following stipulation:

"It is hereby consented and stipulated that the evidence taken upon the previous trial of this action be read at trial term as the evidence in this action, and that no further evidence shall be introduced on either side, outside of that which is contained in the case on appeal determined by the general term of this court in December, 1895."

Upon the same record as that now before us, the general term, in December, 1895, held that Ryan not only never performed any service as an inspector after October, 1887, but that he never offered to perform such service, and that he merely applied to be reinstated as an inspector, which application was never granted. Upon this same record the general term held that the verdict of the jury in favor of the plaintiff was contrary to the evidence, which is equivalent to saying in this case that the evidence was such as to entitle the defendant to a verdict, and therefore the judgment was reversed, and a new trial ordered. In that state of the case it became the duty of the learned judge presiding at the third trial to direct a verdict in favor of the defendant, instead of doing which he merely directed a nonsuit. It is indisputable that, according to the decision of the general term, the plaintiff cannot recover. The new trial was ordered to enable her to introduce further evidence, but, instead of doing that, the stipulation was made which left the case in the precise situation in which it was when passed upon by the general term; and no other course was open to the court, at the trial term, than to hold that the plaintiff could not recover.

A question is made respecting the admission in evidence of the letters of the division engineer to the chief engineer of the aqueduct commission, containing the statement of the charges made against the plaintiff's intestate. If that question arose as an original and independent one, it would require serious consideration; but, by force of the stipulation above quoted, it cannot now arise legitimately in the case. Both parties consented to proceed with the third trial upon the record as it was presented to the general term on the appeal from the judgment entered upon the second trial. The defendant had the absolute right to rely upon that stipulation as binding the plaintiff, as well as itself, to the whole of the record as there presented, either party having the benefit of whatever that record contained as evidence. All the evidence taken upon the previous trial was to be read at the third trial, and no further evidence was to be introduced on

either side, which means that the case was made up, the record complete, and every part of it available to either party. There is no saving clause, and there is nothing which reserves objections, but it is precisely that evidence upon which the general term acted that was to be submitted to the court and the jury on the retrial. No application was made by the plaintiff to be relieved from the stipulation, although she attempted to evade it, and, as she has deliberately chosen to submit her rights upon that record, she must abide by the consequence.

The judgment and order appealed from must be affirmed, with costs. All concur.