KATE RYAN, as Administratrix of WILLIAM RYAN, Deceased, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

1. NEW YORK CITY — DISCHARGE OF AQUEDUCT EMPLOYEE. Undisputed evidence that, after receiving from the aqueduct commissioners a written demand for immediate resignation, an inspector of masonry upon the new aqueduct in New York city did not report for duty, or perform or offer to perform any services, but made demands for reinstatement, raises such an inference that he regarded the demand for resignation as a discharge, as to take the question from the jury, in an action for subsequent salary.

2. FORM OF DISCHARGE. Where there is no question as to the power of the authorities to dismiss a municipal officer, it is immaterial what is the language used to effect his discharge, provided it is so understood by him.

3. EVIDENCE — STIPULATION. A stipulation by the parties to the action, that "the evidence taken upon the previous trial of the above action be read at Trial Term as the evidence in this action, and that no further evidence shall be introduced on either side outside of that which

is contained in the case on appeal, determined by the General Term of this court," confers upon each the absolute right to rely upon the stipulated record as a complete record, and to take the benefit of whatever it presents as evidence.

*Ryan* v. *Mayor*, 7 App. Div. 336, affirmed.

(Argued October 28, 1897; decided November 23, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 28, 1896, which affirmed a judgment in favor of defendant entered upon a dismissal of the complaint at a Trial Term, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. E. Warren* for appellant. The court erred in dismissing plaintiff's complaint and refusing to allow the case to go to the jury. (*Gregory* v. *Mayor, etc.*, 113 N. Y. 416; *Alker* v. *Mayor, etc.*, 27 Hun, 413; *McCoy* v. *Mayor, etc.*, 46 Hun, 268; *Ryan* v. *Mayor, etc.*, 91 Hun, 470.) The letter from the division engineer requesting the resignation of Ryan did not constitute a discharge. (*Vanderhoef* v. *A. Ins. Co.*, 46 Hun, 328.) The statute did not authorize the board of commissioners to suspend or enter into any contract with inspectors, except to hire, discharge and fix the amount of the salary. (L. 1883, ch. 354; L. 1884, chs. 357, 410; L. 1886, ch. 29; *People ex rel.* v. *Civil Service Bds.*, 41 Hun, 287; *Gregory* v. *Mayor, etc.*, 113 N. Y. 421.) It was error to admit in evidence the letters of the division and chief engineer to each other respecting the case of Ryan. (*Gregory* v. *Mayor, etc.*, 113 N. Y. 416; *Emmitt* v. *Mayor, etc.*, 128 N. Y. 117.)

*James H. Ward* for respondent. On the facts, the letter from the division engineer to the plaintiff's intestate, dated October 28, 1887, written by due authority, was in law a discharge, and required a direction of the verdict. (*Ryan* v. *Mayor, etc.*, 86 Hun, 224; 91 Hun, 470; *Lethbridge* v.

42

*Mayor, etc.,* 133 N. Y. 232 · *Wardlaw* v. *Mayor, etc.,* 137 N. Y. 194.)

GRAY, J. Ryan, plaintiff's testator, sued to recover his salary as an inspector of masonry upon the New Aqueduct, in New York city, for a period of time from October, 1887, to December, 1889. He had been employed for a few months, when charges were made by the division and the chief engineers against him for intoxication and insubordination. In consequence, the board of aqueduct commissioners directed the chief engineer to ask for his immediate resignation. On October 28th, 1887, he received the following letter :

"Mr. WILLIAM RYAN, Inspector:

"DEAR SIR.—

"I have to-day received from the chief engineer, Mr. B. S. Church, a letter stating that your case has been considered by the aqueduct commissioners at their meeting on the 26th inst., and they have asked that the resignation of William Ryan be demanded forthwith. I hereby call upon you for your resignation forthwith.       ALFRED CRAVEN,
                                      *"Division Engineer."*

On December 19th, 1889, he was served with formal notice of his dismissal from the service.

The question is whether the letter of October 28th, 1887, operated, and was regarded by Ryan, as his discharge. That it was the intention of his superiors to terminate his employment cannot be doubted ; but the appellant contends, in effect, that there was no actual discharge until the notice of December, 1889, and that whether what took place before that was understood by the parties to be a discharge, was a question as to which the evidence furnished conflicting inferences, which should have been left to be settled by the jury. Hence, it is argued that it was error for the trial judge to direct the verdict for the defendant. The evidence, however, was not, in our judgment, susceptible of any other inference than that Ryan understood that he was discharged in October, 1887,

from the service. It is without conflict as to the occurrences and is to the effect that Ryan frequently called at the office of the aqueduct commissioners and that he " wanted " or " asked " to be " reinstated." It was not shown that he reported for duty, or performed, or offered to perform, any services after receiving the letter of October 28th, 1887. In the light of such evidence, what ground is there for the inference that Ryan understood that he was still in the service? Failure to report for duty and demands for reinstatement pointed but to the one conclusion, that he understood that he had been discharged, and had the jury given a verdict upon such evidence for the plaintiff, it would have been the duty of the court to set it aside, as being quite without support.

There was no question about the power to dismiss the inspector for a neglect of duty, and it is immaterial what was the language used to effect his dismissal; provided it was so understood by him. The letter of October, 1887, did not use the word " discharge," but that Ryan's services were no longer desired was as plain as language could express it. It cannot be for an instant doubted but that, had he attempted to remain and to perform services, he would have been peremptorily and formally dismissed. We held in the *Wardlaw Case* (137 N. Y. 194), that it was competent for the parties to treat a letter as a discharge, although not technically a good discharge and the word " discharge " may not have been used. No particular form of words was necessary to accomplish that result. Ryan, plainly, took this letter of October, 1887, as such; or something would have been shown as having been done by him to indicate that he did not so understand it. It was, undoubtedly, sought to spare him the disgrace of a peremptory dismissal, by the request for his resignation forthwith, and there is not the slightest reason to believe that, though he did not in fact send it in, he did not understand that his services were no longer desired and that he was discharged from his office.

The appellant argues that it was error to admit in evidence certain letters passing between the chief and the division

engineers, relating to Ryan's misconduct in office and to the action taken by the commissioners upon the charges. Without discussing their competency, it is sufficient to say that under the stipulation in the case they were made admissible. The stipulation of the parties was that " the evidence taken upon the previous trial of the above action be read at Trial Term as the evidence in this action, and that no further evidence shall be introduced on either side outside of that which is contained in the case on appeal, determined by the General Term of this court December, 1895." These letters, upon the previous trial, had been put in evidence by the plaintiff, without objection by the defendant, and so appeared in the former record, as introduced upon the present trial. In reading that record, the plaintiff's counsel appears not to have actually read them; whereupon defendant's counsel then offered to read them, as part of the city's case, and the plaintiff's counsel objected to them as being incompetent declarations, etc. The trial court admitted them, as being entitled to be read under the stipulation, and was clearly right in so ruling. As it was said at the Appellate Division, the defendant had an absolute right to rely upon that stipulation as binding the plaintiff as well as itself to the whole of the record as there presented, either party having the benefit of whatever that record presented as evidence. It meant that the parties would regard that as a complete record, available to either, and upon which the final determination of the issues should be predicated.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.