In the Matter of JACOB TUCK, an Attorney, Respondent.

*Practice — disbarment proceedings, First Department.*

Petition for the discipline of an attorney upon charges of unprofessional conduct.

PER CURIAM: It has been the settled practice of this court for many years not to entertain proceedings against attorneys unless preliminary examination of the charges has been had by the district attorney or the appropriate committee of the Association of the Bar or the New York County Lawyers Association. In this proceeding the matters complained of occurred upwards of seven years ago, have been before the courts, criminal and civil, and examined by the Bar Association, which failed to find sufficient ground to present charges. Under such circumstances a reference should not be ordered. While the charges on their face are serious, the answer sets forth the previous examination of the courts resulting favorably to the respondent. He should not be unnecessarily harassed by private individuals who have executed general releases and failed in their civil and criminal suits. If good ground exists for disciplinary proceedings petitioners should establish them before the grievance committee in the first instance. This petition should be dismissed. Present — Clarke, P. J., Laughlin, Dowling, Page and Shearn, JJ. Proceedings dismissed. Order to be settled on notice.

---

GEORGE M. BEERS, Respondent, *v.* ROY H. MCNAUGHT, Appellant, Impleaded with Another.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office, May 22, 1917, upon the verdict of a jury, and also from an order entered May 24, 1917, denying a motion for a new trial.

PER CURIAM: On a former appeal herein (175 App. Div. 643) this court held that the plaintiff had failed to connect the defendant McNaught with the fraudulent representations made by the defendant Clarke to the plaintiff to induce the purchase of certain shares of capital stock of the Erkins Company and that the verdict in favor of the plaintiff for the purchase price of the stock was therefore *against the evidence;* but a new trial was granted, manifestly to afford plaintiff a further opportunity to supply such evidence. There has been another trial on which the plaintiff failed to supply the evidence which this court held was essential to entitle him to recover against the appellant McNaught. Doubtless the trial court failed to observe that the reversal was upon the ground that the verdict was *against the evidence,* and not *against the weight or preponderance of the evidence,* and on that erroneous theory denied defendant's motion made at the close of the evidence for the dismissal of the complaint. It follows that the judgment and order should be reversed on the authority of our decision on the former appeal, with costs to appellant, and the complaint dismissed, with costs. Present — Clarke, P. J., Laughlin, Scott, Dowling and Smith, JJ. Judgment and order reversed, with costs, and complaint dismissed, with costs.