KENNETH W. KELLER, as Administrator of the Estate of EDWARD R. KELLER, Deceased, et al., Respondents, v. TRIBORO COACH CORPORATION, Appellant.— In an action to recover damages for the death of plaintiff's intestate and for injuries sustained by the individual plaintiff in an accident involving a collision between the passenger car in which they were riding as guests and a bus owned and operated by the appellant bus company, judgment in favor of the plaintiffs and against the appellant unanimously affirmed, with costs. The previous reversal of a judgment in plaintiffs' favor (271 App. Div. 804) was upon the ground that the verdict was contrary to the weight of the evidence, not that it was against the evidence. Upon the retrial the jury has again resolved the question of the negligence of the operator of the bus against appellant. (*Beers* v. *McNaught*, 180 App. Div. 924; *Ryan* v. *Mayor of City of N. Y.*, 7 App. Div. 336, affd. 154 N. Y. 328; *Shea* v. *Judson*, 283 N. Y. 393; *Michelson* v. *Stuhlman*, 272 N. Y. 163, 164; *Gutman* v. *Weisbarth*, 194 App. Div. 351, 354.) Present — Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See 274 App. Div. 816.]

CHARLES A. MADDOX, Respondent, v. DAVID T. ROBINSON et al., Copartners Doing Business under the Name of THE R. A. COMPANY, et al., Appellants.— In an action to recover damages for personal injuries sustained as a result of defendant MacEachen's alleged negligence in the operation of an automobile, plaintiff, operating a motorcycle, collided with the unlighted automobile, which was standing sideways across the highway. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

BESSIE A. McGUIRE, Appellant, v. JOHN WANAMAKER NEW YORK et al., Respondents.— Appeal by permission from an order of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in favor of respondents, in an action to recover a fur coat and muff from defendant John Wanamaker New York, where the articles had been stored by a sister of the plaintiff's assignor. Defendant Wanamaker interpleaded the administrator of the individual from whom it accepted the articles for storage. Judgment for the interpleaded defendant affirmed, with costs. Public policy precludes giving effect to the attempted gift *causa mortis* under the undisputed facts herein. (*Bainbridge* v. *Hoes*, 163 App. Div. 870; *Shipman* v. *Protected Home Circle*, 174 N. Y. 398, 405; *Champney* v. *Blanchard*, 39 N. Y. 111; *Grymes* v. *Hone*, 49 N. Y. 17.) Carswell, Acting P. J., Johnston, Adel and Wenzel, JJ., concur; Sneed, J., dissents and votes to reverse the order of the Appellate Term and the judgment of the Municipal Court, and to direct judgment for plaintiff, with the following memorandum: The proof established intent, delivery and acceptance. Recall of mailed letters, under United States Post Office regulations, is not within the discretion of the posting party. (*Chapman* v. *Mills & Gibb*, 241 F. 715, 717, affd. 250 F. 1018.) The deposit of the storage receipt in the post office by decedent, with the conceded intent upon her part to vest title in the donee, constituted valid delivery and transfer of title; and acceptance, not required to be immediate, is here unquestioned. (*Matter of Van Wert*, 66 N. Y. S. 2d. 7, and cases there cited; *Matter of Golos*, 64 N. Y. S. 2d. 625.)