Harold J. Crawford, J.
After charges of unprofessional conduct were lodged against petitioner, an attorney, with the respondent Queens County Bar Association by two former clients, he was allegedly furnished with copies thereof and notified to attend before respondent’s Committee on Grievances. *997 He was twice served with subpoenas duces tecum duly issued out of the Appellate Division, Second Judicial Department, signed by its Clerk.
The first subpoena, returnable on September 11, 1963, was ignored by petitioner, as were two others returnable on June 3, 1964. Instead, petitioner mailed to the respondent requests to withdraw said subpoenas, one dated August 28, 1963 and two dated June 1, 1964, as well as affidavits sworn to on August 28, 1963 and October 16, 1963, and a ‘ ‘ Request to Admit Facts ’ ’ dated October 16, 1963. Petitioner was advised, however, that his personal attendance was required. When he repeatedly failed to appear at specified times and places and to produce the records required by the respective subpoenas, testimony was taken before the Grievance Committee and the matter was then referred to the Board of Managers (Directors) of the respondent. That board thereupon duly authorized the bringing of a disciplinary proceeding against the petitioner not only in connection with the charges of misconduct lodged against him by his former clients, but for his failure to honor the aforesaid subpoenas and to appear before the Grievance Committee to answer the charges. (See Matter of Louison, 20 A D 2d 654.) Such proceeding, returnable before the Appellate Division, Second Judicial Department, on September 9,1964, was initiated by a notice, petition and exhibits, copies of which were served upon the petitioner on July 13, 1964.
Upon the basis of the foregoing activity on the part of respondent, petitioner brought an action at law against it in this court to recover $3,000,000 damages charging in 10 causes of action set forth in his complaint verified August 10, 1964, malicious abuse of process, malicious prosecution, conspiracy, libel and slander and that “ over a period of many years the plaintiff has been wrongfully excluded from membership in the Queens County Bar Association which has failed to supply upon demand a fee schedule ”.
Petitioner also commenced what purports to be an article 78 proceeding returnable in this court on August 26,1964, in which he seeks the following relief:
“ 1. A preliminary injunction under Section 6301 of the Civil Practice Law and Rules to restrain the respondent from eon ■ I inning with its motion scheduled for September 9, 1964 in the courtroom of the Appellate Division, Second Judicial Department, since the respondent is violating petitioner’s rights and there are no grounds for such motion which is based upon defamation and false charges of two former clients of peti *998 tioner and petitioner is also entitled to a temporary restraining order because of the expenditure involved with respect to defending the above motion; and
“ 2. An order to review the actions of respondent under Section 7801 of Civil Practice Law and Buies since the determination of respondent are properly reviewable by this Court and not by application to the Appellate Division, and respondent is proceeding in excess of its jurisdiction, in abuse of its discretion with respect to discipline and its determinations are not supported by any proper evidence; and
“ 3. A judgment ordering dismissal of the motion application and compensation in damages upon this special proceeding for the actions of respondent.”
The respondent thereupon moved to dismiss for legal insufficiency the petitioner’s complaint in his action at law, returnable on the return date of the article 78 proceeding — August 26,1964. Petitioner countered with a so-called ‘ ‘ Notice of Motion II ’ ’, likewise returnable on the foregoing date, in which he seeks the following relief:
“ 1. To dismiss the cross motion of respondent since the defenses, if any, to petitioner’s causes of action as set forth in the verified complaint and verified petition both personally served upon respondent have not been stated.
“2. To dismiss the cross motion of respondent since this Court has jurisdiction of the subject matter of the causes of action set forth in the verified complaint and verified petition.
“3. To compel respondent to file in this Court a transcript of the exparte hearing in which Katherine Kearns testified and also to file the certified transcript of the exparte hearing in which John Boland testified.
“4. To compel the respondent to serve respondent’s affidavit in opposition mentioned in its notice of cross motion but not served upon petitioner.
“5. To dismiss the cross motion since there is no ground for a motion or claim against any party other than the parties to this motion, special proceeding, and action.
“ 6. For compensation in damages as stated in the notice of motion for preliminary injunction and for proceeding against the respondent under Article 78 of the Civil Practice Law and Bules. ’ ’
In holding that a petitioner may not. in his individual capacity petition the Appellate Division to discipline an attorney, the Appellate Division of the Second Department, in Matter of Anonymous (20 A D 2d 819), cited Matter of Tuck (180 App. Div. 924) and Matter of Anonymous No. 1 (13 N Y 2d 654).
*999 In Matter of Tuck (supra) the Appellate Division of the First Department held Per Curiam that: “ It has been the settled practice of this court for many years not to entertain proceedings against attorneys unless preliminary examination of the charges has been had by the district attorney or the appropriate committee of the Association of the Bar or the New York County Lawyers Association.” It appears from the syllabus in Matter of Anonymous No. 1 (supra) that on the authority of Matter of Tuck, the Appellate Division of the First Department dismissed a petition of an individual filed in that court charging an attorney with professional misconduct. Upon appeal by permission of the Court of Appeals the ‘1 petitioner argued that the Appellate Division, by dismissing his petition as premature, deprived him of his constitutional rights of equal protection of the laws and due process of the law; that the Appellate Division did not have discretionary power to require a preliminary examination by others before entertaining a petition by a citizen to discipline an attorney, and that the delegation by the Appellate Division of its investigative powers to a private organization which held a common sphere of interest with respondent engendered a conflict of interest which rendered such delegation unconstitutional.” The Court of Appeals unanimously affirmed the order of the Appellate Division without opinion.
From all of the foregoing, it is clear beyond cavil that in the Second Department as in the First, it is the settled practice for the Appellate Division to entrust the preliminary examination of charges of unprofessional conduct against an attorney to the Bar Association and that such delegation is lawful. The respondent is a duly incorporated Bar Association having its office in the County of Queens, City and State of New York. It was organized in 1876 and duly incorporated in 1877 for the purpose, as stated in its amended Certificate of Incorporation, of maintaining the honor and dignity of the profession of the law and increasing its usefulness in promoting the due administration of justice. In Queens County, the respondent is the Bar Association to which the Appellate Division of the Second Judicial Department has entrusted the preliminary examination when charges of unprofessional conduct are made against attorneys and for good cause to institute disciplinary proceedings as it has done in the case at bar with respect to the petitioner herein.
Petitioner’s sole remedy is to answer respondent’s petition in the disciplinary proceeding returnable on September 9, 1964 before the Appellate Division of the Second Judicial Depart *1000 ment. He cannot restrain the respondent in this court from continuing the foregoing disciplinary proceeding in the Appellate Division nor review its determination to institute such proceeding. His petition verified August 4, 1964 is accordingly dismissed on the merits.
As for the Bar Association’s motion to dismiss the complaint for legal insufficiency in the action at law in which the attorney is the plaintiff and the Association the defendant, this court is of the opinion that the attorney is not entitled to any of the relief sought by him in his “ Notice of Motion II ” dated August 24, 1964, which accordingly is denied. He is afforded, however, an opportunity to oppose the Association’s dismissal motion on its merits. To that end, he may file, with proof of service, his answering brief in support of his complaint and such proof as is authorized by CPLR 3211 (subd. [c]) (Epps v. Yonkers Raceway, 21 A D 2d 798; Zablow v. Incorporated Vil. of Freeport, 41 Misc 2d 803) on or before September 14, 1964. The defendant Bar Association may respond by filing its additional papers and reply brief, if any, within five days of the receipt of plaintiff’s papers. In the meantime, the decision upon the dismissal motion will be held in abeyance.
The attention of counsel is directed to the necessity of captioning any future papers in the action at law as set forth in the verified summons and complaint rather than in the article 78 proceeding herein terminated, as to which a judgment of dismissal will be submitted. (CPLR 7806.)